**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RICHARD DASCHBACH, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ADVANTAGE GOLD, LLC, an Illinois limited liability company,<br><br>Defendant. | Civil Action No.: 1:22-cv-03940 |

**JOINT INITIAL STATUS REPORT**

1.     **The Nature of the Case:**

   A.  Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

   For Plaintiff:      Steven L. Woodrow
                       swoodrow@woodrowpeluso.com
                       Patrick H. Peluso
                       ppeluso@woodrowpeluso.com
                       Taylor T. Smith
                       tsmith@woodrowpeluso.com
                       Woodrow & Peluso, LLC
                       3900 E Mexico Ave., Suite 300
                       Denver, CO 80210
                       Tel: 720-907-7628

   For Defendant:      Ian H. Fisher (Lead Trial Attorney)
                       ifisher@taftlaw.com
                       Ioana M. Guset
                       iguset@taftlaw.com
                       Taft Stettinius & Hollister
                       111 E. Wacker Dr., Suite 2800
                       Chicago, Illinois 60601
                       312-527-4000

1

B.  Briefly describe the nature of the claims asserted in the complaint and any counterclaims
    and/or third party claims.

  The case challenges Defendant Advantage Gold, LLC's ("Defendant" or "Advantage Gold") alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), specifically the TCPA's prohibition against making unsolicited telemarketing calls to consumers whose numbers appear on the National Do Not Call Registry. Plaintiff Richard Daschbach ("Plaintiff" or "Daschbach") alleges that Advantage Gold placed multiple unsolicited telemarketing calls to him to sell its products and services. Plaintiff brought this action on behalf of himself and a proposed nationwide DNC Registry Class.

C.  Briefly identify the major legal and factual issues in the case.

  **Plaintiff's Position:**

1.  Whether Defendant (or any third-party acting on Advantage Gold's behalf) obtained prior express invitation, permission, or consent to make the calls;
2.  Whether the proposed class can be certified as a class action;
3.  Whether Defendant (or any third-party acting on behalf of Defendant) made repeated unsolicited calls to consumers who were registered on the National DNC Registry;
4.  Whether Plaintiff and the other class members are entitled to statutory damages; and
5.  Whether any violations of the TCPA were committed knowingly or willingly such that the Court should award treble damages.

  **Defendant's Position:**

1.  Whether Plaintiff contacted Advantage Gold, including on August 24, 2021, to request information on its products and services.
2.  Whether Plaintiff's request to Advantage Gold created an existing business relationship with Plaintiff under 47 C.F.R. § 64.1200(f)(5);
3.  Whether Plaintiff's request to Advantage Gold constituted a prior express invitation or permission under 47 C.F.R. § 64.1200(c)(2)(ii) such that it did not violate 47 C.F.R. § 64.1200(c)(2);
4.  Whether Plaintiff lacks standing to sue under 47 U.S.C. § 227(c)(5);
5.  Whether the proposed class should be stricken as a "fail safe" class;
6.  Whether the putative class members can be ascertained;
7.  Whether each putative class member had an existing business relationship with Advantage Gold;
8.  Whether each putative class member provided prior express invitation or permission to Advantage Gold to contact her or him; and
9.  Whether class certification is inappropriate under Fed. R. Civ. P. 23(b)(3), including because individual issues will predominate over any common questions of law or fact and because a class action is not superior to individual adjudications.

D.  State the relief sought by any of the parties.

Plaintiff seeks statutory damages for Defendant's alleged violations of the TCPA, which provides $500 per unlawful call, which may be trebled to $1,500 per call where the calls were made willfully and/or knowingly. Plaintiff also seek reasonable attorneys' fees and costs, pre- and post-judgment interest, and to enjoin Advantage Gold from any alleged unsolicited calling activities to individuals listed on the National DNC Registry. Plaintiff will calculate damages depending upon the number of class members and the number of calls following discovery.

Advantage Gold disputes that such relief is appropriate and requests judgment in its favor, denial of class certification, and its costs.

2.     **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

A.  Identify all federal statutes on which federal question jurisdiction is based.

This case is an alleged class action brought under the TCPA, a federal statute. As such, this Court has original jurisdiction under 28 U.S.C. § 1331.

3.     **Status of Service:** All parties have been served.

4.     **Consent to Proceed Before a United States Magistrate Judge:** All parties have not consented to proceed before a United States Magistrate Judge.

5.     **Motions:**

A.  Briefly describe any pending motions.

No motions are currently pending.

B.  State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

Defendant filed its Answer and Affirmative Defenses to the Complaint on September 7, 2022. (Dkt. 7.)

6.     **Case Plan:**

A.  **For Cases in the Mandatory Initial Discovery Pilot ("MIDP"):** Not applicable.

B.  Submit a proposal for a discovery plan, including the following information:

(1)  The general type of discovery needed;

**Plaintiff's Position:** Discovery will be needed on the allegations asserted in the Complaint and the legal issues set forth above, including written discovery and a 30(b)(6) examination of Defendant and subpoenas (for documents, depositions, and potential inspections)

3

issued to any third parties who Defendant claims, or discovery otherwise reveals, played a role in the making of the calls or the securing of consent.

**Defendant's Position:** Written and oral discovery (including the deposition of the Plaintiff), will be necessary to establish Advantage Gold's defenses and affirmative defenses, and to adequately defend against all of the allegations asserted in the Complaint.

(2) **For Cases Exempt from the MIDP:** The parties have agreed to exchange initial disclosures on or before October 13, 2022.

(3) First date by which to issue written discovery;

The parties shall serve their first set of discovery requests no later than thirty (30) days following the Court's entry of a discovery schedule.

**Defendant's Position**:

(4) A fact discovery completion date;

**Plaintiff's Position**: Plaintiff opposes Defendant's proposal to bifurcate discovery. While in certain cases bifurcating between class and merits discovery makes sense, here any so-called "merits" issues are so intertwined with the class issues that attempting to separate them would only lead to disagreement and the need for Court supervision. *See* Manual for Complex Litig. § 11.214 (4th. ed) (The court should ascertain what discovery on class questions is needed for a certification ruling and how to conduct it efficiently and economically…. Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties.").

An example is found in Defendant's claim that it had an established business relationship ("EBR") with Plaintiff. The question of whether such alleged relationship is sufficient to satisfy the TCPA's EBR definition is the same for both Daschbach and all others who Defendant claims established a relationship in the same way. Moreover, Advantage Gold disclosed that the defense is based on notes from its sales representatives. But Plaintiff disputes that he ever invited the calls at issue or sought information regarding Defendant's products. Hence, at the close of the bifurcated discovery period, the Court will be faced with competing testimony regarding the content of the calls. In other words, there will still be a genuine dispute of material fact. Where bifurcation will only delay, as opposed to resolve, an issue, the Court should decline to bifurcate. *See Abramson v. Gohealth LLC*, No. 19 C 6318, 2020 WL 5209817, at *2-3 (N.D. Ill. Sept. 1, 2020) (denying a motion to bifurcate in a TCPA case); *Marshall v. Grubhub Inc.*, No. 19 C 3718, 2022 WL 1055484, at *6 (N.D. Ill. Apr. 5, 2022) (same).

Additionally, phasing discovery in such a way would give Defendant a free bite at the apple. That is, the one-way intervention rule, which bars granting class certification after the merits have already been decided in a plaintiff's favor, would preclude Plaintiff, but not Defendant, from moving for summary judgment prior to class certification. *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th Cir. 2016) (citation omitted).

4

In short, under Defendant's plan, Plaintiff would need to first clear the hurdle of proving he can beat summary judgment on his individual claims without any corresponding ability to seek summary judgment in his favor. Then, only after surviving summary judgment would Plaintiff be able to seek discovery related to class certification—which will take months to gather. In this case, bifurcating discovery is will only serve to delay the case. Moreover, because there is no barrier to filing a motion for summary judgment, Advantage Gold is free to seek discovery on its EBR defense and file a motion for summary judgment as soon as practicable.

Accordingly, discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first seven (7) months will be devoted to written and oral fact discovery for the parties and any third parties. The final three (3) months of this period will be devoted to experts. Following the close of this initial ten (10) month discovery period, the Parties will brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining discovery and dates for dispositive motions, a pre-trial conference, and trial.

Plaintiff proposes the following deadlines:

- Motion to Amend Pleadings and/or Add Parties: December 22, 2022
- Deadline to Complete Fact Discovery: April 21, 2023
- Initial Expert Disclosure Due (Plaintiff): May 5, 2023
- Initial Expert Disclosure Due (Defendant): June 2, 2023
- Rebuttal Expert Disclosures Due: June 23, 2023
- Deadline to Complete Expert Discovery: July 28, 2023
- Plaintiff to File Motion for Class Certification: August 11, 2023
- Defendant to File Opposition to Class Certification: September 1, 2023
- Plaintiff to File Reply ISO Motion for Class Certification: September 14, 2023

**Defendant's Position**: Advantage Gold believes it has a strong argument that Plaintiff lacks a valid cause of action as a matter of law because he called Advantage Gold and requested information on multiple occasions, including on August 24, 2021, the date of Advantage Gold's first alleged violation of the TCPA. If so, Plaintiff cannot sue under 47 U.S.C. § 227(c)(5) because he would have only received one call in alleged violation in a twelve-month period. Plaintiff brings his claim under Section 227(c), which only gives standing to sue to a person who receives "more than one telephone call within any 12-month period . . . in violation of regulations. . . ."

Whether Plaintiff called Advantage Gold and requested information on the date of Advantage Gold's first alleged violation of the TCPA should be easily determined early in discovery and, if true, would render moot the remaining issues in the case. Thus, Advantage Gold proposes bifurcation of discovery in this case, with the first phase of discovery limited to the viability of Plaintiff's individual claim and the second phase allowing discovery on all other relevant issues, including issues of class certification. Such bifurcation will likely to result in significant judicial efficiency and provide the Parties large savings in time, attorneys' fees, and

5

costs. Further, expert discovery is unlikely to be necessary for the proposed first phase of discovery. If Advantage Gold is unable to establish that Plaintiff requested information from Advantage Gold before it made a second call to Plaintiff, Plaintiff will only be nominally prejudiced by a short delay in the commencement of full-blown discovery.

Bifurcation is appropriate in cases where it promotes efficiency and fairness. *See, e.g.*, *Christian v. Generation Mortg. Co.*, No. 12 C 5336, 2013 WL 2151681, at *4 (N.D. Ill. May 16, 2013) ("Bifurcation is warranted where it promises to promote efficiency and economy without working substantial prejudice."). In TCPA cases such as the current case, bifurcation is especially appropriate where the resolution of a single issue may resolve the case and render trial on the other issues unnecessary or where "a narrow, potentially dispositive issue," being "totally distinct from class issues," has the potential to render Plaintiff's TCPA claim baseless. *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132, 2014 WL 413534, at *2 (D.N.J. Feb. 4, 2014)); *see also Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *1 (D. Md. Jan. 12, 2021) (granting motion to bifurcate discovery in TCPA action and concluding that "whether an ATDS was used and whether messages were telephone solicitations are issues of liability largely distinct from class certification issues (e.g., numerosity, commonality, typicality, and adequacy of representation)"); *Leschinsky v. Inter-Continental Hotels Corp.*, No. 8:15-cv-1470-T-30MAP, 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015) (granting motion to bifurcate and initially limiting discovery to whether the calls the named plaintiff received were dialed manually and how many calls she received).

Advantage Gold, therefore, proposes the following dates:

I.     Phase I - Liability Discovery

- Motion to Amend Pleadings and/or Add Parties: <u>November 10, 2022</u>
- Deadline to Complete Phase I Discovery: <u>November 22, 2022</u>
- Individual Claims Dispositive Motions Deadline: <u>December 23, 2022</u>

II.    Phase II – All Other Discovery Including Class Action Discovery

If a dispositive motion as to Plaintiff's Individual Claims is denied, the Parties will proceed to Phase II – All Other Discovery Including Class Action Discovery

- Deadline to Complete Fact Discovery: <u>seven months after denial of Individual Claims Dispositive Motion</u>
- Initial Expert Disclosure Due (Plaintiff): <u>21 days after the Deadline to Complete Fact Discovery</u>
- Initial Expert Disclosure Due (Defendant): <u>21 days after the Initial Expert Disclosure Deadline</u>
- Rebuttal Expert Disclosures Due: <u>21 days after the Defendant's Initial Disclosure Deadline.</u>
- Deadline to Complete Expert Discovery: <u>27 days after the Rebuttal Expert Disclosures Deadline</u>
- Deadlines for Class Certification Motion and Any Dispositive Motions Not

Related to Plaintiff's Individual Claims: <u>ten months after denial of Individual Claims Dispositive Motion</u>

(5) An expert discovery completion date, including dates for the delivery of expert reports;

**Plaintiff's Position**: Following the close of the first seven (7) months of fact related discovery, the parties should proceed to expert-related discovery. The parties should exchange initial expert disclosures by <u>May 5, 2023 (for Plaintiff) and June 2, 2023 (for Defendant)</u> and rebuttal expert disclosures by <u>June 23, 2023</u>. All expert discovery shall be completed by <u>July 28, 2023</u>.

**Defendant's Position**: Defendant has proposed a three-month period of expert discovery following the close of Phase II Fact Discovery (i.e., following the denial of any dispositive motion as to the Plaintiff's individual cause of action). Assuming the Court rules four months after the motion, the Parties would engage in expert discovery for matters related to liability as follows:

- Initial Expert Disclosure Due (Plaintiff): <u>September 26, 2023</u>
- Initial Expert Disclosure Due (Defendant): <u>October 17, 2023</u>
- Rebuttal Expert Disclosures Due: <u>November 7, 2023</u>
- Deadline to Complete Expert Discovery: <u>December 4, 2023</u>
- Motion for Class Certification and Dispositive Motions Not Related to Plaintiff's Individual Claims: <u>January 18, 2024</u>

(6) **For Cases in the MIDP:** - Not Applicable.

(7) A date for the filing of dispositive motions.

**Plaintiff's Position**: This Court should be set at the case management conference following a decision on Plaintiff's Motion for Class Certification to set deadlines for the remainder of the case, including any outstanding discovery, dispositive motions, pre-trial, and trial.

**Defendant's Position**: In the interests of efficiency and fairness, this Court should decide the dispositive motions relating to Plaintiff's individual claims first and, only if Plaintiff's claims survive, the Court should then set the deadlines and a briefing schedule for class certification. Class certification will be moot if Plaintiff cannot survive a dispositive motion on his individual claims.

C. With respect to trial, indicate the following:

(1) Whether a jury trial is requested; and

Plaintiff has made a jury demand.

(2) The probable length of trial.

7

The Parties anticipate that if this matter is certified as a class action, then the trial will last 3 days.

**7.     Status of Settlement Discussions:**

A.  Indicate whether any settlement discussions have occurred;

The parties have begun engaging in settlement discussions.

B.  Describe the status of any settlement discussions; and

The Parties anticipate continuing to discuss settlement throughout the early stages of the litigation.

C.  Whether the parties request a settlement conference.

The Parties do not request a settlement conference at this time.


Dated: September 22, 2022

By: /s/ *Ian H. Fisher*
　　One of Defendant's Attorneys

Ian H. Fisher
ifisher@taftlaw.com
Ioana M. Guset
iguset@taftlaw.com
Taft Stettinius & Hollister
111 E. Wacker Dr., Suite 2800
Chicago, Illinois 60601
312-527-4000
*Attorneys for Defendant*

By:   /s/ *Taylor T. Smith*
　　One of Plaintiff's Attorneys

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Taylor T. Smith
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-907-7628
Fax: 303-927-0809
*Attorneys for Plaintiff and the Class*

8