UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD DASCHBACH, individually and on behalf of all similarly situated individuals,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>ADVANTAGE GOLD, LLC,<br><br><br>　　　　　　Defendant. | Case No. 22-cv-03940<br><br>Judge Sara L. Ellis |

**JOINT MOTION TO RESOLVE THE DISPUTE
REGARDING BIFURCATION OF DISCOVERY**

　　Plaintiff Richard Daschbach, individually and on behalf of all similarly situated individuals, and Defendant Advantage Gold, LLC, by and through their undersigned attorneys, hereby submit, pursuant to this Court's Standing Order, the following Joint Motion to Resolve the Dispute Regarding Bifurcation of Discovery:

　　1.　　On September 14, 2022, at about 11:00 a.m. CST, counsel for the Parties conducted a telephonic meet-and-confer conference to discuss a discovery plan and timeline for this case and to agree upon as much of the Parties' Joint Initial Status Report to be filed with the Court.

　　2.　　During the discussion, Defendant proposed bifurcation of discovery into two phases: (a) liability phase, and (b) class action.

　　3.　　Plaintiff disagrees that bifurcation is necessary in this case (which resulted in a disagreement as to some elements of the Parties' proposed discovery schedule).

　　4.　　Following the initial meet and confer, the Parties exchanged several drafts of the Joint Initial Status Report containing, among others, the Parties' differing discovery plans wherein Plaintiff proposed one general discovery plan of ten (10) months, divided between seven (7)

months of fact discovery and three (3) months of expert discovery. Defendant proposed a dual-phased discovery plan: a "Phase I" on individual liability issues of two (2) months, followed by a "Phase II" on all other relevant matters, including class certification issues, of ten (10) months, divided between seven (7) months of fact discovery and three (3) months of expert discovery. (Dkt. 10).

5. While the Parties agreed on proposed timelines for both plans, the Parties were not able to agree on the issue of bifurcation. In fact, the Initial Status Report contains both discovery plans. *Id.*

6. Despite subsequent attempts to amicably resolve the issue of bifurcation, the Parties continue to disagree on the issue of bifurcation and respectfully bring this Motion at Defendant's request.

***Defendant's Position***

Bifurcation is appropriate in this case because it promotes efficiency and fairness. *Christian v. Generation Mortg. Co.*, No. 12 C 5336, 2013 WL 2151681, at *4 (N.D. Ill. May 16, 2013) ("Bifurcation is warranted where it promises to promote efficiency and economy without working substantial prejudice."). In cases under the Telephone Consumer Protection Act ("TCPA"), such as the current case, bifurcation is especially appropriate where the resolution of a single issue may resolve the case and render trial on the other issues unnecessary or where "a narrow, potentially dispositive issue," being "totally distinct from class issues," has the potential to render Plaintiff's TCPA claim baseless. *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132, 2014 WL 413534, at *2 (D.N.J. Feb. 4, 2014)); *see also Akselrod v. MarketPro Homebuyers LLC*, No. CV CCB-20-2966, 2021 WL 100666, at *1 (D. Md. Jan. 12, 2021) (granting motion to bifurcate discovery in TCPA action and concluding that "whether an ATDS was used and whether messages were telephone solicitations are issues of liability largely distinct from class certification

issues (e.g., numerosity, commonality, typicality, and adequacy of representation)"); *Leschinsky v. Inter-Continental Hotels Corp.*, No. 8:15-cv-1470-T-30MAP, 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015) (granting motion to bifurcate and initially limiting discovery to whether the calls the named plaintiff received were dialed manually and how many calls she received).

Here, bifurcation is very likely to allow the Court to resolve this case in an expedited manner, saving judicial resources and avoiding the hefty expense of conducting class action discovery. Defendant contends that Plaintiff contacted it and requested information from Defendant on multiple occasions, including on August 24, 2021, the same date Plaintiff claims that Defendant first called him in violation of the TCPA. Defendant expects to support this fact with evidence from its Customer Relationship Management (CRM) database, the testimony of its employees, and—likely—call records from third-party telephone and marketing vendors.

If the fact of Plaintiff's August 24, 2021, call to Defendant is proven during discovery, Plaintiff cannot maintain a cause of action under Section 227(c)(5) of the TCPA because he would have only received one allegedly unsolicited call in a twelve-month period. 47 U.S.C. § 227(c)(5). Defendant would, thus, prevail in an argument that Plaintiff lacks a valid cause of action as a matter of law because he cannot establish a required second actionable violation. Section 227(c)(5) gives standing to sue to a person who receives "more than one telephone call within any 12-month period . . . in violation of regulations. . . .". Whether Plaintiff called Defendant and requested information on the date of Plaintiff's first alleged violation of the TCPA should be easily determined early in discovery and, if true, would render moot the remaining issues in the case. Defendant has proposed just two months of discovery concerning this argument.

Thus, Defendant proposes bifurcation of discovery in this case, with the first phase of discovery limited to the viability of Plaintiff's individual claim and the second phase allowing

3

discovery on all other relevant issues, including issues of class certification. (Dkt. 10). Such bifurcation will likely to result in significant judicial efficiency and provide the Parties large savings in time, attorneys' fees, and costs. Further, expert discovery is unlikely to be necessary for the proposed first phase of discovery.

If Defendant is unable to establish that Plaintiff requested information from Defendant before it made a second call to Plaintiff, Plaintiff will only be nominally prejudiced by a short delay of a few months prior to the commencement of full-blown discovery.

***Plaintiffs' Position***

Plaintiff opposes Defendant's proposal to bifurcate discovery for two principal reasons. First, there is a dispute of fact as to the calls on August 24, 2021, which is unlikely to be resolved through bifurcation. And second, documents and testimony concerning Defendant's established business relationship ("EBR") defense is likely to be intertwined with class discovery and will lead to duplicative efforts.

As to the first issue, Advantage Gold claims that it established an EBR with Plaintiff during a call initiated by him on August 24, 2021. However, Plaintiff disputes that he placed any calls to Advantage Gold on that date. And this assertion is supported by call detail records from his wireless provider. Indeed, on August 24, 2021, the carrier's records reflect two **inbound** calls[1] placed from Advantage Gold to Plaintiff, the first at 12:37 p.m. and the second at 1:22 p.m. At this point, regardless of the content of the second call, the TCPA violation had already occurred. *See* 47 U.S.C. § 227(c)(5). Even assuming Advantage Gold can produce some records to support its claim that Plaintiff initiated the call, the presence of contradictory third-party call records renders it highly unlikely that there will be no genuine dispute of material fact.

---

[1] The carrier records do not reflect any outbound calls to Advantage Gold on August 24, 2021.

Added to this, Advantage Gold disclosed that its EBR defense is also based on notes from its sales representatives. Plaintiff also disputes that he invited the calls at issue or sought information regarding Defendant's products. Hence, at the close of the bifurcated discovery period, the Court will be faced with competing documents and testimony regarding the content of the calls. In other words, there will still be a genuine dispute of material fact. Where bifurcation will only delay, as opposed to resolve, an issue, the Court should decline to bifurcate. *See Abramson v. Gohealth LLC*, No. 19 C 6318, 2020 WL 5209817, at *2-3 (N.D. Ill. Sept. 1, 2020) (denying a motion to bifurcate in a TCPA case); *Marshall v. Grubhub Inc.*, No. 19 C 3718, 2022 WL 1055484, at *6 (N.D. Ill. Apr. 5, 2022) (same).

As to the second issue, while in certain cases bifurcating between class and merits discovery makes sense, here any so-called "merits" issues are so intertwined with the class issues that attempting to separate them would only lead to disagreement and the need for Court supervision. *See* Manual for Complex Litig. § 11.214 (4th. ed) (The court should ascertain what discovery on class questions is needed for a certification ruling and how to conduct it efficiently and economically…. Discovery may proceed concurrently if bifurcating class discovery from merits discovery would result in significant duplication of effort and expense to the parties.").

An example is found in Defendant's EBR defense. Indeed, the question of whether a return call is sufficient to satisfy the TCPA's EBR definition will be the same for both Daschbach and all others who Defendant claims established a relationship in the same way. Should bifurcation be granted, the parties will likely be immersed in a multitude of disputes as to the parameters of merits vs. class discovery. *See In re Groupon, Inc. Sec. Litig.,* No. 12 C 2450, 2014 WL 12746902, at *4 (N.D. Ill. Feb. 24, 2014) ("several courts have noted that bifurcation can actually increase the costs of litigation because of disputes over what constitutes merits and what constitutes class

5

discovery.") Additionally, the parties will likely need to issue numerous and duplicative sets of discovery requests and subpoenas for substantially the same categories of information. For example, Advantage Gold has referenced the existence of a third-party vendor that may have discoverable information. Should bifurcation be granted, it may be necessary to issue multiple subpoenas to the same party—the first for documents concerning Plaintiff's individual claims and later a second for class members' claims. And should its testimony be necessary, the vendor may be subjected to multiple depositions as well. In the end, bifurcating discovery is will only serve to delay the case.

As a final point here, phasing discovery in such a way would give Defendant a free bite at the apple. That is, the one-way intervention rule, which bars granting class certification after the merits have already been decided in a plaintiff's favor, would preclude Plaintiff, but not Defendant, from moving for summary judgment prior to class certification. *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th Cir. 2016) (citation omitted). In short, under Defendant's plan, Plaintiff would need to first clear the hurdle of proving he can beat summary judgment on his individual claims without any corresponding ability to seek summary judgment in his favor. Then, only after surviving summary judgment would Plaintiff be able to seek discovery related to class certification—which will take months to gather. Conversely, because there is no barrier to filing a motion for summary judgment, Advantage Gold is free to seek discovery on its EBR defense and file a motion for summary judgment as soon as practicable.

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's request to bifurcate the discovery schedule.

WHEREFORE, for the foregoing reasons, the Parties seek a resolution of their discovery dispute regarding bifurcation.

Respectfully submitted,

| | |
|---|---|
| /s/ Ian H. Fisher | /s/ Taylor T. Smith |
| Ian H. Fisher | Steven L. Woodrow |
| ifisher@taftlaw.com | swoodrow@woodrowpeluso.com |
| Ioana M. Guset | Patrick H. Peluso |
| iguset@taftlaw.com | ppeluso@woodrowpeluso.com |
| Taft Stettinius & Hollister | Taylor T. Smith |
| 111 E. Wacker Dr., Suite 2800 | tsmith@woodrowpeluso.com |
| Chicago, Illinois 60601 | Woodrow & Peluso, LLC |
| 312-527-4000 | 3900 E. Mexico Avenue, Suite 300 |
| | Denver, Colorado 80210 |
| *Attorneys for Defendant* | Tel: 720-907-7628 |
| | Fax: 303-927-0809 |
| | |
| | *Attorneys for Plaintiff and the Class* |

74905783v4