## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD DASCHBACH, individually and on behalf of all similarly situated individuals, | Civil Action No.: 1:22-cv-03940 |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| ADVANTAGE GOLD, LLC, an Illinois limited liability company, | |
| Defendant. | |

Plaintiff Richard Daschbach ("Daschbach" or "Plaintiff") brings this First Amended Class Action Complaint ("Complaint") against Defendant Advantage Gold, LLC ("Advantage Gold" or "Defendant") to stop Advantage Gold's practice of placing unsolicited telephone calls to consumers who are registered on the National Do Not Call Registry and to obtain redress for all persons similarly injured by Advantage Gold's conduct. Plaintiff also seeks an award of statutory damages to the members of the Class, plus court costs and reasonable attorneys' fees. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1.      Plaintiff Daschbach is an individual who resides in New Hampshire.

2.      Defendant Advantage Gold is an Illinois limited liability company whose principal place of business is located at 111 W. Jackson Blvd., Suite 1122, Chicago, Illinois 60604.

1

## JURISDICTION & VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA" or the "Act"), a federal statute. This Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

4.      The Court has personal jurisdiction over Defendant, and venue is proper in this District, because Defendant regularly conducts business in this District, Defendant resides in this District, and a substantial part of the events giving rise to the claims asserted here occurred in this District.

## COMMON ALLEGATIONS OF FACT

5.      Defendant Advantage Gold claims to be an industry leader in precious metal individual retirement account ("IRA") rollovers by specializing in converting consumers' existing IRAs or eligible 401(k) retirement accounts into gold or other precious metals.

6.      In an attempt to promote its business and to generate leads for its financial services, Advantage Gold conducted (and continues to conduct) a wide scale telemarketing campaign. Unfortunately for consumers, Advantage Gold places repeated unsolicited telephone calls to numbers that appear on the National Do Not Call Registry—all without securing prior express consent, invitation, or permission. Such conduct violates the TCPA.

7.      The TCPA and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.* prohibit companies and persons, such as Advantage Gold, from placing multiple, unsolicited telephone calls to persons who have had their phone numbers listed on the national Do Not Call registry for

2

the past thirty (30) days.

8.      By placing repeated calls to persons whose phone numbers appear on the registry, Defendant invaded the personal privacy of Plaintiff and members of the putative Class and repeatedly violated the TCPA.

9.      The TCPA was enacted to protect consumers from unauthorized, unsolicited telephone calls exactly like those alleged in this Complaint—calls placed to numbers without prior express invitation or permission to persons who listed their phone numbers on the Do Not Call registry.

10.     By placing the unsolicited calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such telephone calls as well as a loss of value realized for any monies that consumers paid to their carriers for the receipt of such telephone calls. Furthermore, the calls interfered with and interrupted Plaintiff's and the other class members' peace and quiet, their right to be left alone, and their use and enjoyment of their phones, including the related data, software, and hardware components. Defendant also injured the Plaintiff and class members by causing wear and tear on their phones.

11.     At no time did Defendant obtain prior express consent, invitation or permission from Plaintiff and the class members orally or in writing to receive telephone calls from Defendant.

12.     Defendant was, and is, aware that telephone calls described herein were made to consumers like Plaintiff who have not consented to receive them.

13.     To the extent any third party placed the telephone calls, the third party acted on behalf of Defendant, with Defendant's knowledge and approval, and under Defendant's direction

and control. Further, Defendant knowingly received the benefit of the calls and has ratified the making of calls.

14.     On behalf of the Class, Plaintiff seeks an injunction requiring Advantage Gold to cease making repeated unauthorized calls to persons registered on the Do Not Call registry and an award of statutory damages to the class members, together with pre- and post-judgment interest, costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF

15.     Plaintiff Daschbach is the primary and customary user of the cellular telephone number ending in 7110 and the landline telephone number ending in 2659. Daschbach registered the telephone number ending in 7110 on the National Do Not Call Registry on February 23, 2019, and he registered the telephone number ending in 2659 on the National Do Not Call Registry on February 21, 2019.

16.     Plaintiff Daschbach is one of the primary and customary users of the landline telephone number ending in 2659. Daschbach registered the telephone number ending in 2659 on the National Do Not Call Registry on February 21, 2019.

17.     Plaintiff's cellular telephone number ending in 7110 is used for residential purposes and is not associated with a business.

18.     Plaintiff's landline telephone number ending in 2659 is used for residential purposes and is not associated with a business.

19.     Beginning in or around August 2021, Plaintiff began receiving unsolicited telemarketing calls from Advantage Gold from the numbers (323) 454-6879, (323) 454-6873, (323) 454-6870, and (323) 454-6872.

20.     On August 24, 2021, at 11:07 a.m., Plaintiff received an unsolicited call directed

to his landline telephone number ending in 2659 from Advantage Gold from the telephone number (323) 454-6879.

21.     On August 24, 2021, at 11:37 a.m., Plaintiff received another unsolicited call directed to his landline telephone number ending in 2659 from Advantage Gold from the telephone number (323) 454-6879.

22.     On September 15, 2021, at 2:34 p.m., Plaintiff received an unsolicited call directed to his landline telephone number ending in 2659 from Advantage Gold from the telephone number (323) 454-6870.

23.     On August 24, 2021, Plaintiff received two unsolicited calls directed to his cellular telephone ending in 7110 from Advantage Gold from the telephone number (323) 454-6879. Plaintiff received the first call at 12:37 p.m. and the second call at 1:22 p.m.

24.     On September 1, 2021, Plaintiff received two additional unsolicited calls directed to his cellular telephone ending in 7110 from Advantage Gold from the telephone number (323) 454-6873. Plaintiff received the first call at 1:56 p.m. and the second call at 4:05 p.m.

25.     On September 8, 2021, at 6:10 p.m., Plaintiff received another unsolicited call directed to his cellular telephone ending in 7110 from Advantage Gold from the telephone number (323) 454-6872.

26.     On September 16, 2021, at 3:51 p.m., Plaintiff received another unsolicited call directed to his cellular telephone ending in 7110 from Advantage Gold from the telephone number (323) 454-6870.

27.     All of the calls solicited or sought to solicit Plaintiff to purchase Defendant's investment products and services.

28.     At no time did Plaintiff ever consent to receive telephone calls from Defendant,

5

and Plaintiff has no prior relationship with Defendant.

29.     To redress these injuries, Daschbach, on behalf of himself and the Class of similarly situated individuals, brings suit under the TCPA, which prohibits the making of unsolicited telephone calls to telephones registered on the National Do Not Call Registry. On behalf of the Class, Daschbach seeks an injunction requiring Advantage Gold to cease all unauthorized telemarketing activities, and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a nationwide Class defined as follows:

> **DNC Registry Class:** All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant Advantage Gold, or a third person acting on behalf of Defendant, caused to be called; (2) on his/her telephone; (3) at least twice within any 12-month period; (4) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (5) for the purpose of selling or promoting Advantage Gold's products or services; and (6) for whom Advantage Gold claims it obtained prior express invitation or permission in the same manner as Advantage Gold claims it obtained prior express invitation or permission to call Plaintiff, or for whom it did not obtain prior express invitation or permission.

31.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class

definition following appropriate discovery.

32.     **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed unsolicited calls to thousands of consumers who fall into the defined Class. Members of the Class can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

33.     **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

34.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

35.     **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)     Whether Advantage Gold systematically placed unsolicited telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry for at least 30 days without first obtaining prior express consent, invitation, or permission;

(c)     Whether any third party made the calls and, if so, whether Defendant is

liable for such calls;

(d)     Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

(e)     Whether Defendant acted willfully so as to require an award of treble damages.

36.     **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

37.     **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

## CAUSE OF ACTION
## Violation of 47 U.S.C. § 227, *et seq*
## (On Behalf of Plaintiff and the DNC Registry Class)

38.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

39.     47 U.S.C. § 227(c)(5) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

40.     The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." *See* 47 C.F.R. § 64.1200(c).

41.     47 C.F.R. § 64.1200(e) provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" and the Commission's Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

42.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to

receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

43.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, multiple unwanted telephone solicitations to telephone subscribers like the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

44.     Advantage Gold and/or its agent(s) placed more than one unsolicited telephone call to Daschbach and the other members of the DNC Registry Class within a 12-month period without having prior express invitation or permission to place such calls.

45.     Each such telephone call was directed to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days.

46.     Daschbach and the other members of the DNC Registry Class did not provide consent to receive such telemarketing calls from Advantage Gold or its agents.

47.     Neither Advantage Gold nor its agents have any record of consent to place such telemarketing calls to Plaintiff or the other members of the DNC Registry Class.

48.     Advantage Gold violated 47 C.F.R. §§ 64.1200(d) and (e) by causing calls to be placed for telemarketing purposes to wireless telephone subscribers, such as Plaintiff and the members of the DNC Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a do not call policy and a list of persons who request not to receive telemarketing calls.

49.     Additionally, on information and belief, Advantage Gold fails to have a written do not call policy that is available on request. On further information and belief, Advantage Gold fails to train its employees and personnel involved in telemarketing in the existence and use of its

11

do not call policy or do not call list.

50.     As a result of Advantage Gold's conduct as alleged herein, Daschbach and the members of the DNC Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled to, *inter alia*, receive at least $500 in damages for each such violation of 47 C.F.R. § 64.1200.

51.     To the extent Advantage Gold's misconduct is determined to have been willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the members of the DNC Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for the following relief:

A.     An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class, and appointing their attorneys as Class Counsel;

B.     An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation of the TCPA, whichever is greater, to be trebled where the calls were knowingly or willfully placed, all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C.     An order declaring Defendant's telephone calls, as set out above, violate the TCPA;

D.     An injunction requiring Advantage Gold to stop placing calls to consumer registered on the National Do Not Call Registry absent prior express invitation or permission;

E.      An award of pre-judgment interest;

F.      An award of reasonable attorneys' fees and costs; and

G.      Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: November 17, 2022

**RICHARD DASCHBACH**, individually and on behalf of all others similarly situated,

By:   */s/ Taylor T. Smith*
         One of Plaintiff's Attorneys

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Taylor T. Smith
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-907-7628
Fax: 303-927-0809

*Attorneys for Plaintiff and the Class*

13