IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD DASCHBACH, individually and on behalf of all similarly situated individuals,<br><br>                Plaintiffs,<br><br>                v.<br><br>ADVANTAGE GOLD, LLC,<br><br>                Defendant. | Case No. 22-cv-03940<br><br>Judge Sara L. Ellis |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED
CLASS ACTION COMPLAINT**

Defendant Advantage Gold, LLC ("Advantage Gold" or "Defendant"), by and through its attorneys, Taft Stettinius & Hollister LLP, answers to the First Amended Class Action Complaint ("Complaint") of Plaintiff Richard Daschbach ("Daschbach" or "Plaintiff"), and states as follows:

**PARTIES**

1. Plaintiff Daschbach is an individual who resides in New Hampshire.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and, on this basis, is deemed to deny the same.

2. Defendant Advantage Gold is an Illinois limited liability company whose principal place of business is located at 111 W. Jackson Blvd., Suite 1122, Chicago, Illinois 60604.

**ANSWER:** Defendant admits only that it is an Illinois limited liability company. Defendant denies the remaining allegations of paragraph 2.

**JURISDICTION & VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA" or the "Act"), a federal statute. This Court also has subject matter jurisdiction under the

Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

**ANSWER:** Defendant admits only that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227. The remaining allegation of this paragraph state legal conclusions to which no answer is required. To the extent an answer may be required, Defendant denies the remaining allegations of paragraph 3.

4. The Court has personal jurisdiction over Defendant, and venue is proper in this District, because Defendant regularly conducts business in this District, Defendant resides in this District, and a substantial part of the events giving rise to the claims asserted here occurred in this District.

**ANSWER:** Defendant admits that venue in this District is proper and that it regularly conducts business in this District. The remaining allegations of this paragraph state legal conclusions to which no answer is required. To the extent an answer may be required, Defendant denies the remaining allegations of paragraph 4.

## COMMON ALLEGATIONS OF FACT

5. Defendant Advantage Gold claims to be an industry leader in precious metal individual retirement account ("IRA") rollovers by specializing in converting consumers' existing IRAs or eligible 401(k) retirement accounts into gold or other precious metals.

**ANSWER:** Defendant admits the allegations of paragraph 5.

6. In an attempt to promote its business and to generate leads for its financial services, Advantage Gold conducted (and continues to conduct) a wide scale telemarketing campaign. Unfortunately for consumers, Advantage Gold places repeated unsolicited telephone calls to numbers that appear on the National Do Not Call Registry—all without securing prior express consent, invitation, or permission. Such conduct violates the TCPA.

**ANSWER:** Defendant denies the allegations of paragraph 6.

7. The TCPA and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.* prohibit companies and persons, such as Advantage Gold, from placing multiple, unsolicited telephone

calls to persons who have had their phone numbers listed on the national Do Not Call registry for the past thirty (30) days.

**ANSWER:** The allegations of paragraph 7 state legal conclusions to which no answer is required. To the extent an answer may be required, Defendant refers to the provisions of the regulations, 47 C.F.R. § 64.1200, and denies any allegations inconsistent with it. Defendant denies any factual allegations of paragraph 7.

8. By placing repeated calls to persons whose phone numbers appear on the registry, Defendant invaded the personal privacy of Plaintiff and members of the putative Class and repeatedly violated the TCPA.

**ANSWER:** Defendant denies the allegations of paragraph 8.

9. The TCPA was enacted to protect consumers from unauthorized, unsolicited telephone calls exactly like those alleged in this Complaint—calls placed to numbers without prior express invitation or permission to persons who listed their phone numbers on the Do Not Call registry.

**ANSWER:** The allegations of paragraph 9 state legal conclusions to which no answer is required. To the extent an answer may be required, Defendant refers to the provisions of the TCPA, and denies any allegations inconsistent with it. Defendant denies any factual allegations of paragraph 9.

10. By placing the unsolicited calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such telephone calls as well as a loss of value realized for any monies that consumers paid to their carriers for the receipt of such telephone calls. Furthermore, the calls interfered with and interrupted Plaintiffs and the other class members' peace and quiet, their right to be left alone, and their use and enjoyment of their phones, including the related data, software, and hardware components. Defendant also injured the Plaintiff and class members by causing wear and tear on their phones.

**ANSWER:** Defendant denies the allegations of paragraph 10.

11. At no time did Defendant obtain prior express consent, invitation or permission from Plaintiff and the class members orally or in writing to receive telephone calls from Defendant.

**ANSWER:** Defendant denies the allegations of paragraph 11.

12. Defendant was, and is, aware that telephone calls described herein were made to consumers like Plaintiff who have not consented to receive them.

**ANSWER:** Defendant denies the allegations of paragraph 12.

13. To the extent any third party placed the telephone calls, the third party acted on behalf of Defendant, with Defendant's knowledge and approval, and under Defendant's direction and control. Further, Defendant knowingly received the benefit of the calls and has ratified the making of calls.

**ANSWER:** Defendant denies the allegations of paragraph 13.

14. On behalf of the Class, Plaintiff seeks an injunction requiring Advantage Gold to cease making repeated unauthorized calls to persons registered on the Do Not Call registry and an award of statutory damages to the class members, together with pre- and post-judgment interest, costs and reasonable attorneys' fees.

**ANSWER:** Defendant admits only that Plaintiff purports to bring an action on behalf of the class he describes and purports to seek an injunction. The remaining allegations of this paragraph state legal conclusions to which no answer is required. To the extent an answer may be required, Defendant denies the remaining allegations of paragraph 14.

## FACTS SPECIFIC TO PLAINTIFF

15. Plaintiff Daschbach is the primary and customary user of the cellular telephone number ending in 7110 and the landline telephone number ending in 2659. Daschbach registered the telephone number ending in 7110 on the National Do Not Call Registry on February 23, 2019, and he registered the telephone number ending in 2659 on the National Do Not Call Registry on February 21, 2019.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and, on this basis, is deemed to deny the same.

16. Plaintiff Daschbach is one of the primary and customary users of the landline telephone number ending in 2659. Daschbach registered the telephone number ending in 2659 on the National Do Not Call Registry on February 21, 2019.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and, on this basis, is deemed to deny the same.

17. Plaintiffs cellular telephone number ending in 7110 is used for residential purposes and is not associated with a business.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and, on this basis, is deemed to deny the same.

18. Plaintiffs landline telephone number ending in 2659 is used for residential purposes and is not associated with a business.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and, on this basis, is deemed to deny the same.

19. Beginning in or around August 2021, Plaintiff began receiving unsolicited telemarketing calls from Advantage Gold from the numbers (323) 454-6879, (323) 454-6873, (323) 454-6870, and (323) 454-6872.

**ANSWER:** Defendant admits only that it placed telemarketing calls to Plaintiff. Defendant denies the remaining allegations of paragraph 19.

20. On August 24, 2021, at 11:07 a.m., Plaintiff received an unsolicited call directed to his landline telephone number ending in 2659 from Advantage Gold from the telephone number (323) 454-6879.

**ANSWER:** Defendant only admits that it placed a call to Plaintiff on the telephone number ending in 2659. Defendant denies the remaining allegations of paragraph 20.

21. On August 24, 2021, at 11:37 a.m., Plaintiff received another unsolicited call directed to his landline telephone number ending in 2659 from Advantage Gold from the telephone number (323) 454-6879.

**ANSWER:** Defendant only admits that it placed a call to Plaintiff on the telephone number ending in 2659. Defendant denies the remaining allegations of paragraph 21.

22. On September 15, 2021, at 2:34 p.m., Plaintiff received an unsolicited call directed to his landline telephone number ending in 2659 from Advantage Gold from the telephone number (323) 454-6870.

**ANSWER:** Defendant only admits that it placed a call to Plaintiff on the telephone number ending in 2659. Defendant denies the remaining allegations of paragraph 22.

23. On August 24, 2021, Plaintiff received two unsolicited calls directed to his cellular telephone ending in 7110 from Advantage Gold from the telephone number (323) 454-6879. Plaintiff received the first call at 12:37 p.m. and the second call at 1:22 p.m.

**ANSWER:** Defendant only that it placed two calls to Plaintiff on August 24, 2021. Defendant denies the remaining allegations of paragraph 23.

24. On September 1, 2021, Plaintiff received two additional unsolicited calls directed to his cellular telephone ending in 7110 from Advantage Gold from the telephone number (323) 454-6873. Plaintiff received the first call at 1:56 p.m. and the second call at 4:05 p.m.

**ANSWER:** Defendant only that it placed two calls to Plaintiff on September 1, 2021. Defendant denies the remaining allegations of paragraph 24.

25. On September 8, 2021, at 6:10 p.m., Plaintiff received another unsolicited call directed to his cellular telephone ending in 7110 from Advantage Gold from the telephone number (323) 454-6872.

**ANSWER:** Defendant only admits that it placed a call to Plaintiff on September 8, 2021. Defendant denies the remaining allegations of paragraph 25.

26. On September 16, 2021, at 3:51 p.m., Plaintiff received another unsolicited call directed to his cellular telephone ending in 7110 from Advantage Gold from the telephone number (323) 454-6870.

**ANSWER:** Defendant only admits that it placed a call to Plaintiff on September 16, 2021. Defendant denies the remaining allegations of paragraph 26.

27. All of the calls solicited or sought to solicit Plaintiff to purchase Defendant's investment products and services.

**ANSWER:** Defendant denies the allegations of paragraph 27.

28. At no time did Plaintiff ever consent to receive telephone calls from Defendant, and Plaintiff has no prior relationship with Defendant.

**ANSWER:** Defendant denies the allegations of paragraph 28.

29. To redress these injuries, Daschbach, on behalf of himself and the Class of similarly situated individuals, brings suit under the TCPA, which prohibits the making of unsolicited telephone calls to telephones registered on the National Do Not Call Registry. On behalf of the Class, Daschbach seeks an injunction requiring Advantage Gold to cease all unauthorized telemarketing activities, and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**ANSWER:** Defendant admits only that Plaintiff purports to bring an action on behalf of the class he describes and that he purports to seek an injunction. The remaining allegations of this paragraph state legal conclusions to which no answer is required. To the extent an answer may be required, Defendant denies the remaining allegations of paragraph 29.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and a nationwide Class defined as follows:

> **DNC Registry Class:** All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant Advantage Gold, or a third person acting on behalf of Defendant, caused to be called; (2) on his/her telephone; (3) at least twice within any 12-month period; (4) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (5) for the purpose of selling or promoting Advantage Gold's products or services; and (6) for whom Advantage Gold claims it obtained prior express invitation or permission in the same manner as Advantage Gold claims it obtained prior express invitation or permission to call Plaintiff, or for whom it did not obtain prior express invitation or permission.

**ANSWER:** Defendant admits only that Plaintiff purports to bring this action on behalf of the class he describes. Defendant denies any remaining allegations of paragraph 30.

31. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of

any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to truth of Plaintiff's intention regarding this action. Defendant denies that Plaintiff is entitled to bring this action on behalf of any class as defined in paragraph 31 and denies any other allegations in paragraph 31.

32. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed unsolicited calls to thousands of consumers who fall into the defined Class. Members of the Class can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

**ANSWER:** Defendant denies the allegations of paragraph 32.

33. **Typicality:** Plaintiffs claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

**ANSWER:** Defendant denies the allegations of paragraph 33.

34. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

**ANSWER:** Defendant denies the allegations of paragraph 34.

35. **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Advantage Gold systematically placed unsolicited telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry for at least 30 days without first obtaining prior express consent, invitation, or permission;

      (c)    Whether any third party made the calls and, if so, whether Defendant is liable for such calls;

      (d)    Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

      (e)    Whether Defendant acted willfully so as to require an award of treble damages.

**ANSWER:**    Defendant denies the allegations of paragraph 35.

36.    **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**ANSWER:**    Defendant denies the allegations of paragraph 36.

37.    **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

**ANSWER:**    Defendant denies the allegations of paragraph 37.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227,** *et seq.*
**(On Behalf of Plaintiff and the DNC Registry Class)**

38.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

**ANSWER:**    Defendant restates and re-alleges its answers to the allegations incorporated by Plaintiff as if fully set forth herein.

39. 47 U.S.C. § 227(c)(5) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

**ANSWER:** The allegations of paragraph 39 state legal conclusions to which no answer is required. To the extent an answer may be required, Defendant refers to the provisions of 47 U.S.C. § 227(c)(5) and denies any allegations inconsistent with it. Defendant denies any factual allegations of paragraph 39.

40. The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[ n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." *See* 47 C.F.R. § 64.1200(c).

**ANSWER:** The allegations of paragraph 40 state legal conclusions to which no answer is required. To the extent an answer may be required, Defendant refers to the provisions of 47 C.F.R. § 64.1200(c) and denies any allegations inconsistent with it. Defendant denies any factual allegations of paragraph 40.

41. 47 C.F.R. § 64.1200(e) provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" and the Commission's Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

**ANSWER:** The allegations of paragraph 41 state legal conclusions to which no answer is required. To the extend an answer may be required, Defendant refers to the provision of 47 C.F.R.

§ 64.1200(e) and denies any allegations inconsistent with it. Defendant denies any faction allegations of paragraph 41.

42. 47 C.F.R. § 64.1200(d) further provides that"[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request ....
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

11

**ANSWER:** The allegations of paragraph 42 state legal conclusions to which no answer is required. To the extent an answer may be required, Defendant refers to the provisions of 47 C.F.R. § 64.1200(d) and denies any allegations inconsistent with it. Defendant denies any factual allegations of paragraph 42.

43. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, multiple unwanted telephone solicitations to telephone subscribers like the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

**ANSWER:** Defendant denies the allegations of paragraph 43.

44. Advantage Gold and/or its agent(s) placed more than one unsolicited telephone call to Daschbach and the other members of the DNC Registry Class within a 12-month period without having prior express invitation or permission to place such calls.

**ANSWER:** Defendant denies the allegations of paragraph 44.

45. Each such telephone call was directed to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and, on this basis, is deemed to deny the same.

46. Daschbach and the other members of the DNC Registry Class did not provide consent to receive such telemarketing calls from Advantage Gold or its agents.

**ANSWER:** Defendant denies the allegations of paragraph 46.

47. Neither Advantage Gold nor its agents have any record of consent to place such telemarketing calls to Plaintiff or the other members of the DNC Registry Class.

**ANSWER:** Defendant denies the allegations of paragraph 47.

48. Advantage Gold violated 47 C.F.R. §§ 64.1200(d) and (e) by causing calls to be placed for telemarketing purposes to wireless telephone subscribers, such as Plaintiff and the members of the DNC Registry Class, without instituting procedures that comply with the

regulatory minimum standards for maintaining a do not call policy and a list of persons who request not to receive telemarketing calls.

**ANSWER:** Defendant denies the allegations of paragraph 48.

49. Additionally, on information and belief, Advantage Gold fails to have a written do not call policy that is available on request. On further information and belief, Advantage Gold fails to train its employees and personnel involved in telemarketing in the existence and use of its do not call policy or do not call list.

**ANSWER:** Defendant denies the allegations of paragraph 49.

50. As a result of Advantage Gold's conduct as alleged herein, Daschbach and the members of the DNC Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled to, *inter alia*, receive at least $500 in damages for each such violation of 47 C.F.R. § 64.1200.

**ANSWER:** Defendant denies the allegations of paragraph 50.

51. To the extent Advantage Gold's misconduct is determined to have been willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the members of the DNC Registry Class.

**ANSWER:** Defendant denies the allegations of paragraph 51.

### AFFIRMATIVE DEFENSES

Pursuant to federal Rules of Civil Procedure 8(c) and 12 (b), Defendant may rely upon the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE: CONSENT

1. The Telephone Consumer Protection Act ("TCPA"), does not prohibit telephone solicitations if the recipient has provided consent. 47 C.F.R. § 64.1200(f)(1)(iii).

2. On or about August 24, 2021, Defendant received consent from Plaintiff to be contacted by Defendant via telephone communications.

3. For each of Defendant's subsequent calls to Plaintiff, Plaintiff invited Defendant's calls or gave an express invitation or permission to be called by Defendant. As such, all calls placed

by Defendant to Plaintiff after August 24, 2021, were not actionable telephone solicitations under the TCPA and Plaintiff's claims are barred.

### SECOND AFFIRMATIVE DEFENSE: EXISTING BUSINESS RELATIONSHIP

4. Defendant incorporates the allegations stated in its Affirmative Defenses, stated previously, as though stated herein.

5. The TCPA codifies an existing business relationship exemption for telephone solicitations. 47 U.S.C. § 227.

6. An existing business relationship means a "prior or existing relationship formed by a voluntary two-way communication between the company and the subscriber . . . on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call, or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party." 47 C.F.R. § 64.1200(f)(15).

7. On or about August 24, 2021, and prior to Defendant placing more than one call to Plaintiff, Plaintiff initiated two calls to Defendant to inquire about Defendant's services and products. The August 24, 2021 calls gave rise to an existing business relationship between Plaintiff and Defendant because they created a voluntary two-way communication between Defendant and Plaintiff regarding Defendant's products and services.

8. Since August 24, 2021, Defendant had an existing business relationship with Plaintiff.

9. Defendant's subsequent calls to Plaintiff were justified by an existing business relationship and Defendant's claims are therefore barred.

14

## THIRD AFFIRMATIVE DEFENSE: CLAIMS ARE NOT PROPERLY CERTIFIABLE UNDER RULE 23

10. Defendant incorporates the allegations stated in its Affirmative Defenses, stated previously, as though stated herein.

11. Plaintiff purports to represent a class of individuals allegedly contacted by Defendant in violation of TCPA.

12. Plaintiff further claims that common questions of law and fact predominate over questions affecting any individual member of the class.

13. Plaintiff's claims cannot properly be certified under Federal Rule of Civil Procedure 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over the questions related to the class, including:

   a. Whether each individual was allegedly contacted by Defendant;

   b. Whether each individual or an agent of that individual provided consent prior to the contact;

   c. Whether each individual had an existing business relationship with the Defendant; and

   d. Whether Defendant made the call to any individuals in error.

14. Neither the claims asserted by Plaintiff not the defenses available to and asserted by Defendant are typical of the claims of the putative class.

15. Neither the named representative Plaintiff nor its counsel will fairly and adequately protect the interests of the putative class.

16. It is a total defense to any claim of any alleged class member is the facts demonstrate that the alleged class member expressly invited or gave permission to Defendant to make the alleged calls.

15

**FOURTH AFFIRMATIVE DEFENSE: LACK OF STANDING**

17. Defendant incorporates the allegations stated in its Affirmative Defenses, stated previously, as though stated herein.

18. To establish standing, Plaintiff and the proposed class must show a concrete and particularized invasion of a legally protected interest and that he and the proposed class are in the zone of interest that the TCPA is intended to protect.

19. To the extent that Plaintiff and members of the proposed class have not paid money, lost title to goods of value, suffered any other concrete or particularized harm, or and not in the zone of interest protected by the TCPA as a result of the conduct alleged, Plaintiff and members of the proposed class lack standing to bring this suit under Article III of the United States Constitution.

**FIFTH AFFIRMATIVE DEFENSE: "FAIL SAFE" CLAUSES**

20. Defendant incorporates the allegations stated in its Affirmative Defenses, stated previously, as though stated herein.

21. The proposed class alleged by Plaintiff is a "fail safe" class because it is defined such that the class includes only members whose claims would be successful on the alleged merits. Thus, the proposed class is improper.

**SIXTH AFFIRMATIVE DEFENSE: REASONABLE PRACTICES AND PROCEDURES**

22. Plaintiff's claim is barred because Defendant established and implemented, with due care reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA, 47 U.S.C. § 227 and its accompanying regulations, 47 C.F.R. § 64.1200.

23. This action cannot proceed as a class action because Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA, 47 U.S.C. § 227, and its accompanying regulations,

47 C.F.R. § 64.1200.

## SEVENTH AFFIRMATIVE DEFENSE: RESERVATION OF RIGHTS

24. Defendant incorporates the allegations stated in its Affirmative Defenses, stated previously, as though stated herein.

25. Defendant expressly reserves the right to assert other affirmative defenses as may be appropriate as this action proceeds.

WHERFORE, Defendant Advantage Gold LLC respectfully requests that this Court grant judgment in its favor and against Plaintiff in the form of the following:

a. An order denying class certification of the class proposed by Plaintiff in the First Amended Complaint;

b. An order declaring that Defendant did not violate the Telephone Consumer Protection Act;

c. Denying all monetary damages and attorneys' fees; and

d. Such other relief as may be just.

Dated: December 1, 2022                    Respectfully submitted,

                                                                         */s/ Ian H. Fisher*
                                                                          Ian H. Fisher
                                                                          ifisher@taftlaw.com
                                                                          Ioana M. Guset
                                                                          iguset@taftlaw.com
                                                                          Taft Stettinius & Hollister
                                                                          111 E. Wacker Dr., Suite 2800
                                                                          Chicago, Illinois 60601
                                                                          312-527-4000

                                                                          *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Ian H. Fisher, an attorney, hereby certify that on this 1st day of December, 2022, I electronically filed the foregoing **Defendant Advantage Gold, LLC's Answer to Plaintiff's First Amended Class Action Complaint and Affirmative Defenses** with the Clerk of the Court using the CM/ECF system, which will automatically send email notifications of such filing to all registered parties and counsel.

/s/ *Ian H. Fisher*